IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARWYN HEILRAYNE, ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:25-CV-640-DAE |
| UNIVERSITY OF TEXAS | § | |
| AT AUSTIN, ET AL., | § | |
|     Defendants. | § | |

**DEFENDANT WRAY'S
MOTION TO DISMISS**

## I.  MOTION

Defendant Christopher Wray moves to dismiss all claims asserted against him in this matter, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have failed to state any claim for which relief may be granted, and so Wray respectfully requests dismissal with prejudice.

## II.  STATEMENT OF THE CASE

This is a lawsuit arising from a protest that took place at the University of Texas at Austin on April 24, 2024.[1] Plaintiffs participated in this protest and claim to have been unlawfully targeted by government actors in retaliation for the viewpoints they expressed.[2] Plaintiffs claim that this retaliation included police violence, false arrest, student

---

[1] Doc. 1 at ¶ 1.

[2] Id. at ¶¶ 1-3.

disciplinary measures, and threats of further suppressive action, all "in an effort to chill their speech and deter further advocacy."[3]

Plaintiffs sue pursuant to 42 U.S.C § 1983, asserting violations of their First and Fourth Amendment rights.[4] The sum total of the allegations against Defendant Wray are as follows:

- Wray "was present at the April 24th protest" and "was acting within the scope of his employment as a DPS commander, inspector, captain, lieutenant, or sergeant and under color of the laws of the State of Texas."[5]

- Plaintiff Mia Cisco spoke with Wray, during which exchange "Wray expressed disdain for the protestors' cause and made unsolicited remarks about Palestine, Islam, and the Middle East." Wray also allegedly "referenced 'Hamas tunnels,' voiced his hatred for Hezbollah, and claimed that 'no Muslim country supports Palestine.'"[6]

Plaintiffs assert that Wray's comments "gave the appearance of having force and color of law behind them, despite exceeding the scope of [his] lawful authority," and "improperly imposed [his] individual views upon others via [his] public position[ ]."[7]

---

[3]   Id.

[4]   Id. at ¶¶ 1, 128-157 (Title VI claims are also asserted, but not against Wray).

[5]   Id. at ¶ 20.

[6]   Id. at ¶ 69.

[7]   Id. at ¶ 134.

### III.   BRIEF IN SUPPORT OF MOTIONS

#### A. Group Pleadings

As a threshold matter, Wray reiterates that the allegations recited above are the only factual allegations specifically pled against him in the complaint. The complaint is otherwise replete with conclusory allegations that numerous ill-defined groups took collective action to violate Plaintiffs' rights. Such "group pleadings," even outside of the qualified immunity context, are generally forbidden in the Fifth Circuit.[8] But this is a qualified immunity case, and "when plaintiffs make only 'collective allegations' against a group of police officers, without justification for the lack of individualization, they fail to overcome assertions of qualified immunity at the 12(b)(6) stage."[9]

#### B. Qualified Immunity

##### 1. Assertion & Standard

Wray asserts his entitlement to qualified immunity. Qualified immunity shields government officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10] Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.[11] Courts are required to undertake a two-step analysis of the issue of qualified immunity: (1) whether a constitutional right was violated, and (2)

---

[8]   See Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353 (5th Cir. 2004).

[9]   Sinegal v. City of El Paso, 414 F.Supp.3d 995, 1004 (W.D. Tex. 2019) (citation omitted).

[10]  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[11]  Malley v. Briggs, 475 U.S. 335, 341 (1986).

whether the allegedly violated right was "clearly established."[12] This analysis may be performed in any order, and failure to establish either element is dispositive in favor of qualified immunity.[13] Ultimately, government officials are entitled to qualified immunity if their conduct was objectively reasonable in light of the legal rules that were clearly established at the time of their actions.[14]

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[15] The Supreme Court does not necessarily require a controlling case directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate."[16] This analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition."[17] The specificity of this inquiry is especially important in Fourth Amendment cases, where "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine … will apply to the factual situation the officer confronts."[18]

The Supreme Court has repeatedly counseled that constitutional law is clearly established for qualified immunity purposes in only two ways: Supreme Court precedent

---

[12] McClendon v. City of Columbia, 305 F.3d 314, 322-23 (5th Cir. 2002).

[13] Pearson v. Callahan, 555 U.S. 223, 236 (2009); Saucier v. Katz, 533 U.S. 194, 201 (2001).

[14] McClendon, 305 F.3d at 323.

[15] Reichle v. Howards, 566 U.S. 658, 664 (2012) (cleaned up).

[16] Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

[17] Saucier, 533 U.S. at 201.

[18] Mullenix v. Luna, 577 U.S. 7, 12 (2015) (quoting Saucier, 533 U.S. at 205).

or a "robust consensus of cases of persuasive authority" across the Courts of Appeals.[19] By either path, the relevant precedent must "squarely govern" the facts at hand.[20]

As discussed below, Plaintiffs fail to establish any constitutional violation assignable to Wray and fail to demonstrate objective unreasonableness in light of settled law. Wray is entitled to qualified immunity.

### 2. Pleading Standard

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings in all federal lawsuits contain "a short and plain statement of the claim showing that the pleader is entitled to relief …" The pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[21] A plaintiff's obligation under this standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22] Allegations that offer only the possibility that a defendant acted unlawfully, or facts merely consistent with liability, do not demonstrate entitlement to relief.[23]

Once a defendant asserts the defense of qualified immunity, "a plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly

---

[19] al-Kidd, 563 U.S. at 742; see also City & County of San Francisco v. Sheehan, 575 U.S. 600, 617 (2015); Taylor v. Barkes, 575 U.S. 822, 826 (2015).

[20] Mullenix, 577 U.S. at 13-14 (citing and quoting Brosseau v. Haugen, 543 U.S. 194, 201 (2004)).

[21] Conley v. Gibson, 355 U.S. 41, 47 (1957).

[22] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[23] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

within the knowledge of defendants."[24] Threshold determination of qualified immunity "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury."[25] Plaintiffs bear the burden to not merely state claims upon which relief may be granted, but to demonstrate by their pleadings the inapplicability of qualified immunity to those claims.[26]

### 3. First Amendment (Count I)

Plaintiffs' First Amendment claim against Wray is an "unadorned, the defendant-unlawfully-harmed-me" accusation which simply does not give rise to a constitutional claim.[27] Plaintiffs merely assert that Wray voiced personal opinions on the same subjects and at the same protests as Plaintiffs. Wray's apparent sins are being a police officer and having opinions with which Plaintiffs disagree. This notion that a private citizen has a constitutional right to be free from hearing opinions expressed by government officials is plainly absurd.

If Wray was voicing personal opinions when this alleged colloquy with Cisco took place, his public employment matters not, because his speech is entitled to the same First Amendment protection that Plaintiffs invoke in this suit.[28] This is true even though Wray

---

[24] Schultea v. Wood, 47 F.3d 1427, 1432-34 (5th Cir. 1995).

[25] Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

[26] Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009).

[27] Iqbal, 556 U.S. at 678 (internal citations omitted).

[28] See Garcetti v. Ceballos, 547 U.S. 410, 417-19 (2006); Connick v. Myers, 461 U.S. 138, 143-146 (1983); and Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968).

spoke while on the job, because, as Plaintiffs admit,[29] commentary on conflict in the Holy Land is plainly not "ordinarily within the scope" of the duties of a Department of Public Safety official.[30] Wray's own First Amendment rights may only be limited, very narrowly, by his employer and perhaps defamation law;[31] not by students merely piqued by diversity of opinion.

If Wray was somehow speaking on behalf of the government, Plaintiffs' claim fares no better. While "people have some right to receive information from others without government interference," they have absolutely no constitutional right to dictate what information the government should *provide*.[32] The Fifth Circuit observed six weeks ago that there is no Supreme Court precedent "suggest[ing] that the First Amendment obligates the government to provide information to anyone."[33] The same is true for the far more outlandish suggestion that the First Amendment obligates the government to *withhold* information.

Plaintiffs' First Amendment claim against Wray is simply not a First Amendment claim. It is a deeply hypocritical attempt to weaponize the First Amendment to retaliate against a speaker for expressing an opposing point of view. Plaintiffs fail the first step of

---

[29]   Doc. 1 at ¶ 134 ("Wray made comments … exceeding the scope of [his] lawful authority.").

[30]   Kennedy v. Bremerton Sch. Dist., 597 U.S. 507, 529-31 (2022) (quoting Lane v. Franks, 573 U.S. 228, 240 (2014)).

[31]   Kennedy, 597 U.S. at 527-29; Garcetti, 547 U.S. at 417-19; Connick, 461 U.S. at 147; Pickering, 391 U.S. at 568-73.

[32]   Little v. Llano Cnty., ___ F.4th ___, 2025 WL 1478599, 2025 U.S. App. LEXIS 13121*, at *20-*21 (5th Cir. 2025).

[33]   Id. at *18.

the qualified immunity analysis with regard to Count I, and this claim must therefore be dismissed.

### 4. Fourth Amendment (Count III)

"[T]o state a § 1983 claim for false arrest/false imprisonment, [the plaintiff] must plausibly allege that [the defendant] 'did not have probable cause to arrest him.'"[34] Plaintiffs' Fourth Amendment claim does not even invoke this analysis, however, because the evidence attached to complaint establishes that Wray did not arrest any of the plaintiffs.[35] Despite redactions of the arresting officers' names, the probable cause affidavits for each plaintiff was completed by "a commissioned police officer employed by the University of Texas at Austin Police Department."[36] Whoever these arresting officers were, they were not "Christopher Wray … a commander, inspector, captain, lieutenant, or sergeant within the Texas Department of Public Safety."[37]

A § 1983 claimant "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[38] But there is no allegation or evidence whatsoever that Wray personally arrested Plaintiffs, nor had any personal involvement with causing, contributing to,

---

[34]   Arnold v. Williams, 979 F.3d 262, 269 (5th Cir. 2020) (quoting Haggerty v. Tex. S. Univ., 391 F.3d 653, 655 (5th Cir. 2004)).

[35]   Doc. 1-1 at 5 (Heilrayne's PC Affidavit); Doc. 1-2 at 5 (Soto-Ferate's PC Affidavit); Doc. 1-3 at 5 (Medrano's PC Affidavit); Doc. 1-4 at 5 (Cisco's PC Affidavit).

[36]   Ids.

[37]   Doc. 1 at ¶ 20.

[38]   James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008) (citation omitted).

preparing, or executing the relevant probable cause affidavits. Absent any such involvement, there is no claim against Wray for false arrest.[39]

### 5. Retaliation (Count II)

When asserting a claim for retaliatory arrest, a plaintiff must first establish the absence of probable cause, and then demonstrate that the retaliation was a substantial or motivating factor behind the arrest.[40] Again, Plaintiffs' claim does not even spark the relevant analysis, because there is no allegation or evidence that Wray had any involvement with their arrests. Plaintiffs have therefore failed to state any claim for First Amendment retaliation against Wray.

### 6. Clearly Established Law

While Counts I-III plainly fail to state any constitutional claim against Wray, and Plaintiffs run aground at the first step of the qualified immunity analysis, the second step should not be neglected. Plaintiffs also make no effort whatsoever to meet their high burden to demonstrate that the law was clearly established concerning the facts of this case.

After a good-faith search, Wray has been unable to find any Supreme Court precedent or "robust consensus of cases of persuasive authority" which would have "placed the statutory or constitutional question beyond debate" on April 24, 2024.[41] There is no precedent that would suggest that a police officer violates the Constitution by voicing an

---

[39] Melton v. Phillips, 875 F.3d 256, 262-63 (5th Cir. 2017).

[40] Nieves v. Bartlett, 587 U.S. 391, 404 (2019).

[41] al-Kidd, 563 U.S. at 741-42.

opinion on international affairs to a single protestor. If Plaintiffs for some reason do not fail at the first step of the qualified immunity analysis, they certainly do at the second.

## IV. PRAYER

Plaintiffs have failed to state any constitutional claim against Christopher Wray and have failed to overcome Wray's assertion of qualified immunity. Wray respectfully requests that all claims brought against him be dismissed with prejudice.

          Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)

**ATTORNEYS FOR WRAY**

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served on all parties electronic noticing on this the 2nd day of July, 2025.

                                         */s/CHRISTOPHER LEE LINDSEY*
                                         **CHRISTOPHER LEE LINDSEY**
                                         Assistant Attorney General